UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE ELWIN THOMAS,

                              Plaintiff,

        -against-

MCCABE, WEISBERG & CONWAY, LLC et al.,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/04/2024

24-CV-07504 (MMG)

**<u>NOTICE</u>**

MARGARET M. GARNETT, United States District Judge:

    The Court issues this Notice to publicly file letters that the Court received in Chambers from the Plaintiff, which are appended to this Notice.

Dated:  December 4, 2024
        New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

EUGENE ELWIN THOMAS,

ACP 5197 PO BOX 1110

U.S.A.

November 20, 2024

To:    United States District Court for Southern District of New York

Garnett, Margaret M. d/b/a U.S.D.J

500 Pearl Street

[New York, New York] [10007]

U.S.A.

In Re: Eugene Elwin Thomas et al v. McCabe, Weisberg & Conway, LLC et al

1:24-cv-07504-MMG

Dear Judge Garnett,

I.    This serves as a request for discussion to be had during the rescheduled telephone
conference on or about November 26, 2024.

II.    Plaintiff asserts he has received defendant Deutsche Bank National Trust
Company by its counsel motion to dismiss dated on or about October 29, 2024,
which seeks dismissal of plaintiff's complaint pursuant to Federal Rules of Civil

Procedure (''FRCP'') 12 (b) (1) and 12 (b) (6) as well as on grounds of Res Judicata.

III.   Plaintiff currently has not received an answer for defendant McCabe, Weisberg & Conway, LLC and more than twenty-one (21) days has lapsed at which plaintiff request that a discussion be had on whether submission of a Request for certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend this action as fully appears from the court file and plaintiff believes a Motion for default is warranted.

IV.   Plaintiff believes that defendant McCabe, Weisberg & Conway, LLC is liable for violations of specific civil rights of the plaintiff pursuant to 100 STAT. 768 PUBLIC LAW 99-361 To amend the Fair Debt Collection Practices Act to provide that any attorney who collects debts on behalf of a client shall be subject to the provisions of such Act.

V.   In this instant action Plaintiff has submitted substantial evidence following a previous law suit that defendant McCabe, Weisberg & Conway, LLC was given notice of mitigation involving the potential for deed theft as well of theft of an instrument supplied to defendant Deutsche Bank National Trust Company for satisfaction of the alleged debt with (1) Error Resolution Notice Under 12 C.F.R. §1024.35 via Registered Mail #: RE827274420US (delivered on or about August 1, 2023 marked as Exhibit ''B''; (2) in re: Case #CS0290874 (Office of Comptroller of Currency marked EXHIBITS ''E'', ''F'', and ''G''.

VI.   Plaintiff also request that if the court accepts the filing of defendant Deutsche Bank National Trust Company motion to dismiss which was submitted prior to

telephone conference that a schedule be given to afford the plaintiff time to submit an adequate response.

## **GROUNDS FOR SUPPLEMENTAL JURSIDICTON**

VII.    Plaintiff claims raise Federal questions that could not possibly be litigated by the lower state court i.e., New York State Supreme Court for the State of New York.

VIII.   Plaintiff did submit Notice of Claim upon New York State office of Attorney General as it relates to the potential for deed theft as he was solicited prior to the auction by mail that a deed theft may have been underway as it relates to his real property.

IX.     New York State failed to intervene prior to auction and plaintiff has a separate issue pending in New York State Court of claims as it relates to failures to intervene.

X.      Plaintiff's current action involve damages as it relates to theft of the deed and has supplied evidence of a forensic audit to determine whether defendant's where truthful in how it obtained the foreclosure and sale.

XI.     Plaintiff duly contacted the original lender Carrington Mortgage Services LLC and they also could not validate the debt as it relates to defendant Deutsche Bank National Trust Company.

XII.    The rights here sought to be redressed are rights guaranteed by contract and in accordance with, Jurisdiction over Supplemental Claims Under 28 U.S.C. § 1367(a) as hereinafter more fully appears.

XIII.    28 U.S.C. § 1367 (a) states (a) Except as provided in subsections (b) and (c) or as
expressly provided otherwise by Federal statute, in any civil action of which the
district courts have original jurisdiction, the district courts shall have
supplemental jurisdiction over all other claims that are so related to claims in the
action within such original jurisdiction that they form part of the same case or
controversy under Article III of the United States Constitution. Such supplemental
jurisdiction shall include claims that involve the joinder or intervention of
additional parties.

XIV.    Courts have interpreted the "so related" language to be satisfied when both the
jurisdiction-invoking claim and the supplemental claim derive from a common
nucleus of operative fact.  13D Wright & Miller § 3567.1, p. 337.

XV.    Jurisdiction Upheld: Cicio v. Does, 321 F.3d 83, 97 (2d Cir. 2003), Houskins v.
Sheahan, 549 F.3d 480, 495 (7th Cir. 2008) (discussing the factual relatedness of
the jurisdiction-invoking and supplemental claim), Sea-Land Serv., Inc. v. Lozen
Int'l, LLC, 285 F.3d 808, 814 (9th Cir. 2002) (allowing exercise of jurisdiction
when facts underlying the jurisdiction-invoking claim "ar[o]se from the same
transaction and rel[ied] on identical facts for their resolution" of the supplemental
claim).

XVI.    The Seventh Circuit has identified three situations where, if one of the § 1367(c)
factors is present, a court should nonetheless retain jurisdiction: "[1] where the
statute of limitation would bar the refiling of the supplemental claims in state
court . . . ; [2] where substantial federal judicial resources have already been
expended on the resolution of the supplemental claims; and [3] where it is

obvious how the claims should be decided." *Williams Elecs. Games, Inc. v.*
*Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citations omitted) (affirming district
court's decision to decline jurisdiction).

XVII.    A court can exercise this jurisdiction to enjoin an action that threatens a
previously entered order. 13 Wright & Miller § 3523.2, p. 214 (citing *Fafel v.*
*DiPaola*, 399 F.3d 403, 411– 15 (1st Cir. 2005)).

XVIII.   Federal Court also has jurisdiction over plaintiff's claims pursuant to 28 U.S.C.
Section 1331.

XIX.     Federal jurisdiction over the proceedings will be invoked pursuant to the
provisions of Title 28, United States Code Section 1343(3) and (4), with a suit in
equity which is authorized by law, pursuant to 28 U.S.C. Section 1331, to be
brought to redress the deprivation of rights, privileges, and immunities secured by
The Fair Debt Collection Practices Act, Pub. L. 95-109; 91 Stat. 874, codified as
15 U.S.C. § 1692 –1692p, 100 STAT. 768 PUBLIC LAW 99-361-JULY 9, 1986,
The Truth in Lending Act (TILA) codified as 15 U.S.C. 1601 et seq., Fair Credit
Reporting Act codified as 15 U.S.C. § 1681 ET Seq., 15 U.S.C. § 1666 in
conjunction with Error Resolution Notice under12 CFR § 1026.13.

XX.      A notice of claim was timely filed, with respect to plaintiff's cause of actions
which occurred on or about July 10, 2023, on or about August 1, 2023, and on or
about November 7, 2023, setting forth the time when, the place where and the
way the incidents occurred.

XXI.     This action is being commenced within the time limitations set forth in all
applicable Federal and State laws and Statutes.

## REQUEST TO PROCEED WITH SETTLEMENT CONFERENCE

XXII.  Plaintiff agrees to settlement conference portion of as outlined by telephone

conference schedule in the event that defendant's agree to make an offer as it

relates to compensation, punitive, special, and general damages incurred as a

result of a failure to cure.

XXIII.  Plaintiff requests an update of the trial schedule following telephone conference

as it relates to his time to reply to motions or for discovery and all other necessary

procedures.


Cc:  McGlinchey Stafford

C/o Gordan. Matthew J. d/b/a ESQUIRE

112 West 34th Street, Suite 1515

[ New York, New York] [10120-9998]

U.S.A.


McCabe, Weisberg & Conway, LLC

One Huntington Quadrangle, Suite 4N25

Melville, New York] [11747-9998]

U.S.A.

## NOTARY ACKNOWLEDGEMENT

State of New York)

              ) ss          **JURAT**

County of New York)

        On this __21__ day of November 2024, before me personally appeared

Eugene Elwin Thomas ex. Rel. to me known to be the person described in as

Plaintiff. And who executed the foregoing instruments and acknowledged to me

that Eugene Elwin Thomas ex. Rel. executed the same as his free act and deed.

_Badiyah Amir_       _11/21/24_

Notary Signature                 Date

BADIYAH AMIR
Notary Public, State of New York
No. 01AM6174527
Qualified in New York County
Commission Expires Sept. 24, 20__27__

My commission expires _____

Seal

Autograph: I am__Eugene Thomas_____-

Without Recourse/Accepted for Honor/ SUPRA PROTEST pursuant to TWEA

7(e), 8(a) 40 Stat 411

UNITED STATES DISTRICT COURT FOR                )
SOUTHERN DISTRICT OF NEW YORK                   )
-------------------------------------------------------------X  )
EUGENE ELWIN THOMAS ex rel.,                    )   Case No. 1:24-cv-07504-MMG
                                    Plaintiffs   )
                                                )
            -Against-                           )
                                                )   **<u>AFFIDAVIT OF SERVICE</u>**
                                                )
McCABE WEISBERG & CONWAY, LLC,                   )
DEUTSCHE BANK NATIONAL TRUST                     )
COMPANY et al.                                  )
                                    Defendants(s)  )
-------------------------------------------------------------X

I eugene – elwin: thomas the undersigned, being duly sworn, depose and say:

I am over the age of 18 years old, and I have a principal address located at ACP 5197 PO

BOX 1110 Albany, New York 12201-1110

On or about November 2l, 2024, I served Letter Request prior to telephone conference,

by mailing the same in a sealed envelope certified mail to the Defendants and its counsel

with insurance and postage prepaid thereon, in a post office or official depository of the

U.S. Postal Service addressed and to the last known address of the addressee(s) as

indicated below:

Cc:  McGlinchey Stafford

C/o Gordan. Matthew J. d/b/a ESQUIRE

112 West 34th Street, Suite 1515

[ New York, New York] [10120-9998]

U.S.A.


McCabe, Weisberg & Conway, LLC

One Huntington Quadrangle, Suite 4N25

Melville, New York] 11747-9998]

U.S.A.

## NOTARY ACKNOWLEDGEMENT

State of New York)

)ss JURAT

County of New York )

On this 21 day of November 2024, before me personally appeared eugene - elwin:
thomas to me known to be the person described in as service. And who executed the
foregoing instruments and acknowledged to me that eugene - elwin: thomas executed the
same as his free act and deed.

_Badiyah Amir_ _11/21/24_

Notary Signature                    Date

BADIYAH AMIR
Notary Public, State of New York
No. 01AM6174527
Qualified in New York County
Commission Expires Sept. 24, 20 2 7

My commission expires _____

Seal

Autograph: I Am: _____