UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EUGENE ELWIN THOMAS ex rel.,                  :
                                              :        24 Civ. 7504 (MMG) (GS)
                        Plaintiff,            :
                                              :        REPORT AND
         - against -                          :        RECOMMENDATION
                                              :
                                              :
MCCABE, WEISBERG & CONWAY, LLC                 :
and DEUTSCHE BANK,                            :
                                              :
                        Defendants.           :
----------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Eugene Elwin Thomas ("Plaintiff" or "Thomas"), proceeding *pro se*,

brings this action against McCabe, Weisberg & Conway LLC ("McCabe") and

Deutsche Bank National Trust Company ("Deutsche Bank"), named as Deutsche

Bank (together, "Defendants"), seeking damages, injunctive relief, and a declaratory

judgment to quiet title. (Dkt. No. 1 ("Complaint" or "Compl.")).[1] Liberally

construing Plaintiff's Complaint, he asserts claims under the Fair Debt Collection

Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), Fair Credit Reporting Act

("FCRA"), Fair Credit Billing Act ("FCBA"), and Real Estate Settlement Procedures

Act ("RESPA"), as well as for slander of title, injunctive relief, and a declaratory

judgment. Defendants assert that this action is barred by the *Rooker-Feldman*

---

[1] Movant Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Loan Trust 2006-2, asserts that Plaintiff erroneously sued it as "Deutsche Bank." (Dkt. No. 13-13 ("Deutsche Mov. Br.") at 1). Although the Complaint does contain a few references to "Deutsche Bank AG," which the Court understands to be the parent company of Deutsche Bank National Trust Company, the Court agrees, based on the Complaint's consistent references to "Defendant Deutsche Bank" as the assignee and holder of the mortgage and the party that foreclosed on the property in question (*see, e.g.*, Compl. ¶¶ 3, 12, 19), that Plaintiff intended to sue Deutsche Bank National Trust Company rather than Deutsche Bank AG. Plaintiff's opposition brief does not dispute this.

doctrine, *res judicata*, and collateral estoppel, and that Plaintiff fails to state a claim for relief, and move accordingly to dismiss Thomas' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. Nos. 13 & 27).

As it must on a motion to dismiss, the Court liberally construes Plaintiff's pleadings and accepts as true the well-pleaded factual allegations in his Complaint. Nonetheless, for the reasons set forth below, the undersigned respectfully recommends that Defendants' motions to dismiss be **GRANTED**.[2]

## BACKGROUND

### A. Prior Proceedings[3]

Plaintiff executed a mortgage for 2260 Hampden Place, Bronx, New York ("the Property") on May 19, 2006, through non-party New Century Mortgage Corporation.  (Compl. ¶¶ 36–37 & Ex. D at 16; Declaration of Matthew J. Gordon, Dkt. No. 13-1 ("Gordon Decl.") ¶ 3 & Ex. A; Declaration of Jamie C. Krapf, Dkt. No. 27-1 ("Krapf Decl.") ¶ 4).  New Century Mortgage Corporation subsequently assigned the mortgage to Deutsche Bank, as indenture trustee under a New Century home equity loan trust.  (Compl. ¶ 46; Gordon Decl. Ex. A at 7; Report & Recommendation, *Thomas v. Deutsche Bank Nat'l Tr. Co.*, No. 20 Civ. 6024, Dkt.

---

[2] On October 31, 2024, the Honorable Margaret M. Garnett referred Defendants' motions to dismiss to the undersigned for a Report & Recommendation.  (Dkt. No. 15).

[3] The Court has drawn many of the facts in this section from previous federal and state court actions involving the parties.  "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).  In addition, several of the documents relied on herein are referred to in the Complaint and, thus, are deemed incorporated by reference.  *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) ("[A] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (citation omitted).

No. 28 ("2021 R&R") at 1 (S.D.N.Y. Mar. 10, 2021)).  Plaintiff defaulted on the loan

in November 2012.  (Gordon Decl. Ex. A at 85; 2021 R&R at 2).

After Plaintiff defaulted, Deutsche Bank, represented by McCabe (Compl. at

4; Krapf Decl. ¶ 4), commenced a foreclosure action (the "Foreclosure Action") in

Bronx County Supreme Court ("State Court") on August 26, 2015.  (Gordon Decl. ¶

3 & Ex. A).  On October 2, 2017, the State Court granted Deutsche Bank's

unopposed motion for summary judgment.  (Gordon Decl. ¶ 5; Krapf Decl. ¶ 6 & Ex.

D).  Thomas then moved to vacate the judgment and stay the foreclosure, claiming,

*inter alia*, that Deutsche Bank failed to establish it had standing to sue and that the

note for the loan was a "counterfeit security instrument."  (Krapf Decl. ¶ 7 & Ex. E

at 2).  The State Court denied the motion on May 3, 2018, finding, *inter alia*, that

Thomas had provided "no evidence that [Deutsche Bank] actually engaged in fraud

or misconduct in obtaining the prior summary judgment order" and "no evidence

that would raise an issue of fact as to whether the note was 'counterfeit.'"  (Krapf

Decl. Ex. E at 2–3).

On October 7, 2019, the State Court granted Deutsche Bank a Judgment of

Foreclosure and Sale (the "JFS") without opposition.  (Compl. ¶ 57; *id.* at 93, 100–10

& Ex. I; Gordon Decl. ¶ 5 & Ex. C; Krapf Decl. ¶ 8 & Ex. F).  Plaintiff moved twice

to vacate the JFS, alleging, *inter alia*, fraud and collusion, claims the court found to

be "unsubstantiated by factual support" in denying both of Thomas' motions on

December 4, 2019.  (Gordon Decl. ¶ 6 & Ex. D; Krapf Decl. ¶ 9 & Ex. G).  Thomas

appealed the decision denying his motions to vacate, but the First Department dismissed his appeal.  (Krapf Decl. ¶ 10 & Ex. H).

Separately, and before the JFS was issued, Plaintiff commenced a second suit on April 10, 2019, against, *inter alia*, Deutsche Bank in the Bronx County Supreme Court, seeking once more to vacate the JFS (the "2019 Action").  (Gordon Decl. ¶ 7 & Ex. E ("2019 Compl.")).  In his complaint, Plaintiff alleged, *inter alia*, that the assignment of the mortgage to Deutsche Bank was void, and asserted claims for lack of standing to foreclose/wrongful foreclosure, breach of contract, and slander of title, seeking injunctive and declaratory relief and to quiet title, as well as damages. (Gordon Decl. ¶ 8; 2019 Compl. ¶¶ 25–40, 42–84; *id.* at 17; 2021 R&R at 2).  On July 15, 2019, the State Court granted Deutsche Bank's unopposed motion to dismiss the 2019 Action on the grounds that the claims were barred by the doctrines of *res judicata* and collateral estoppel as Thomas' claims had already been adjudicated in the Foreclosure Action.  (Gordon Decl. ¶ 9 & Ex. F ("2019 Dismissal") at 7; 2021 R&R at 2).  Notice of entry was served on July 25, 2019 (Gordon Decl. Ex. F), and as far as the State Court docket reflects, Thomas did not appeal the dismissal (*see Thomas v. New Century Mortg.*, Index No. 260245/2019 (Sup. Ct. Bronx Cnty.).

On July 9, 2020, Plaintiff commenced another action against Deutsche Bank, this time in the Eastern District of New York (the "First Federal Action"), again alleging breach of contract and slander of title and seeking damages, injunctive and declaratory relief, and to quiet title.  (Gordon Decl. ¶ 10 & Ex. G ("1st Fed. Compl.") at 16–24; *Thomas*, No. 20 Civ. 6024, Dkt. No. 1).  The complaint was "identical to

the complaint filed by Plaintiff in the [2019 Action] against [Deutsche Bank]."
(2021 R&R at 5).  The First Federal Action was subsequently transferred to this
Court.  (Gordon Decl. ¶ 10; *see Thomas*, No. 20 Civ. 6024, Dkt. Nos. 6–7).  Deutsche
Bank moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) as
well as on grounds of *res judicata*.  (Gordon Decl. ¶ 12; 2021 R&R at 2).

On March 10, 2021, the Honorable Katharine H. Parker issued a Report and
Recommendation finding that the *Rooker-Feldman* and *res judicata* doctrines
barred the Court from hearing Thomas' action and recommending that Deutsche
Bank's motion to dismiss be granted.  (Gordon Decl. ¶ 12; 2021 R&R at 7–8).  Judge
Parker also recommended denying Plaintiff's motion for leave to amend his
complaint because there was no "indicat[ion] of a possible basis to save jurisdiction"
and, thus, amending would be futile.  (2021 R&R at 9).  The Honorable Valerie
Caproni adopted Judge Parker's Report and Recommendation in full on April 8,
2021.  (*Id.* at Dkt. No. 30; Gordon Decl. ¶ 12).  Thomas appealed to the Second
Circuit, and the Second Circuit determined that Thomas waived his right to
appellate review because he failed to timely object to the Report and
Recommendation.  (Gordon Decl. ¶ 13; *Thomas*, 20 Civ. 6024, Dkt. No. 34).

On or about October 31, 2022, Thomas again moved the State Court to vacate
the JFS and sought an order to recuse a previous state court justice in the
Foreclosure Action.  (Krapf Decl. ¶ 11 & Ex. I).  On April 4, 2024, the State Court
once more denied Thomas' motion to vacate, finding that "[t]he judgment of
foreclosure and sale against [Deutsche Bank] was 'final as to all questions at issue

5

between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action.'" (Krapf Decl. Ex. I (quoting *Long Is. Sav. Bank v. Mihalios*, 269 A.D.2d 502, 503 (2d Dep't 2000))).  The court also denied the motion to recuse as moot.  (*Id.*).

Thomas then filed a proposed Order to Show Cause seeking a temporary restraining order and other relief, which the State Court declined to grant.  (Krapf Decl. ¶ 12 & Ex. J).  Following that denial, Thomas filed two more motions requesting the court to reconsider its denial of his proposed Order to Show Cause and again sought to vacate the judgment.  (Krapf Decl. ¶ 13 & Ex. K).  On October 2, 2024, the State Court denied Thomas' motions to vacate the JFS and to reargue the court's April 4, 2024 order denying vacatur of the JFS, and granted Deutsche Bank's motion to restrain Thomas from filing further motions in the State Court without first seeking leave of the court.  (Krapf Decl. Ex. K).

### B. Plaintiff's Allegations

A day later, Thomas commenced this second action in the Southern District of New York.  Plaintiff alleges that on or about July 10, 2023, he sent Deutsche Bank, as well as the company that serviced his mortgage loan, an "Error Resolution Notice" under 12 CFR § 1024.35 (a regulation promulgated under RESPA).  (Compl. ¶¶ 4, 50 & Ex. A).  The notice demanded that Deutsche Bank correct "billing errors associated with" a "Prospectus Supplement dated June 26, 2006 to a Prospectus dated April 14, 2006[.]"  (Compl. ¶ 58).  The Complaint does not attach a copy of the notice or describe the nature of the billing errors alleged in the notice.  However, the

Complaint does allege that the billing errors were "associated with the subject property," *i.e.*, Plaintiff's former Property located in the Bronx, and that the notice also involved alleged "failures to disclose in regard to the mortgage on the [P]roperty." (*Id.* ¶¶ 4–5).

According to the Complaint, Plaintiff sent a second "Error Resolution Notice" to Deutsche Bank on August 1, 2023, and a "final notice" on November 7, 2023. (*Id.* ¶¶ 5–6 & Exs. B, C). Despite being given an opportunity to cure its purported breaches of the law, Deutsche Bank has not done so. (*Id.* ¶¶ 59, 67; *see also id.* ¶ 1 (alleging that action arises from Defendants' "failing to correct the accuracy of a consumer report")). The Complaint asserts that McCabe "is liable to the plaintiff as counsel to the defendant Deutsche Bank" in the Foreclosure Action and "was a policy maker for purposes of Trustees with policies, practices, and customs." (*Id.* ¶¶ 12, 22; *see also id.* ¶ 23 (alleging McCabe was "involved in the incidents that took place" relating to Plaintiff's sending of the Error Resolution Notices to Deutsche Bank on July 10, August 1, and November 7, 2023)).

The Complaint contains four causes of action. First, Plaintiff claims violations of the "Fair Credit Reporting Act," *i.e.*, the FCRA (*id.* ¶¶ 77–83), invoking, *inter alia*, his "right to not be includ[ed] in inaccurate reporting" (*id.* ¶ 80). However, elsewhere in the Complaint, Plaintiff also alleges violations of the FDCPA, the FCBA, TILA,[4] and 12 C.F.R. § 1024.35 (*i.e.*, RESPA).[5] (*See, e.g., id.* ¶¶

---

[4] Plaintiff appears to invoke TILA only insofar as the FCBA is part of TILA. The Court's analysis below thus assumes Plaintiff is not asserting a separate claim under TILA.

[5] Plaintiff cites to both 12 C.F.R. §§ 1024.35 and 1026.13, but he seems to use them interchangeably, as he does with the various statutes he cites. (*See id.* ¶¶ 1, 4, 31, 50–51, 58). Section 1026.13 applies

1, 31, 58–60, 64, 65, 69).  As the Court must construe Plaintiff's Complaint liberally, it assumes that Plaintiff's first cause of action intends to assert claims under all of these federal statutes.  Plaintiff claims Defendants' violations of law caused him unspecified "economic loss" and "great mental anguish."  (*Id.* ¶ 83).

Second, Plaintiff asserts a claim for slander of title (*id.* ¶¶ 84–98), claiming that Defendants' violations of the FCRA resulted in the communication of "false statement[s] derogatory to Plaintiff's title" (*id.* ¶¶ 87, 90, 93).  Third, Plaintiff brings a claim for "injunctive relief" (*id.* ¶¶ 99–104) to establish that he "is the record titleholder of the Property" (*id.* ¶ 100).  Finally, Plaintiff seeks a declaratory judgment (*id.* ¶¶ 105–08) that "the title to the Subject Property is vested in Plaintiff alone and that [Deutsche Bank] be declared to have no interest estate, right, title or interest in the subject property."  (*Id.* ¶ 108).

## C. Procedural History

Plaintiff commenced this action on October 3, 2024.  (Dkt. No. 1).  On October 29, 2024, Deutsche Bank filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (Dkt. No. 13), accompanied by a Memorandum of Law in Support (Dkt. No. 13-13 ("Deutsche Mov. Br.")), a Declaration from Deutsche Bank's counsel of record (Gordon Decl.) along with supporting exhibits (Gordon Decl. Exs. A–K), a Local Civil Rule 12.1 Notice (Dkt. No. 14), and a Certificate of

---

to creditors who have issued a credit card to a consumer, whereas § 1024.35 applies to mortgages and obligations of a lender once notice of an error has been given.  *See Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016); *Sutton v. CitiMortgage, Inc.*, 228 F. Supp. 3d 254, 263 (S.D.N.Y. 2017). Thus, the Court assumes that Plaintiff meant to assert a violation under § 1024.35 rather than § 1026.13 as § 1026.13 appears to be inapplicable to the facts of this case.

Service (Dkt. No. 13-14).  In addition to seeking dismissal of Plaintiff's claims, Deutsche Bank seeks to recover its reasonable attorney's fees incurred in bringing its motion to dismiss.  (Deutsche Mov. Br. at 16–17).

The Court held a status conference on November 26, 2024 to discuss a schedule for the completion of briefing on Deutsche Bank's motion to dismiss as well as McCabe's contemplated motion to dismiss.  (Dkt. No. 20).  Plaintiff filed his opposition to Deutsche Bank's motion to dismiss on December 19, 2024.  (Dkt. No. 29 ("P. Opp. Deutsche")).  Deutsche Bank replied on January 13, 2025.  (Dkt. No. 31 ("Deutsche Rep.")).

McCabe filed its motion to dismiss on December 20, 2024 (Dkt. No. 27), accompanied by a Memorandum of Law in Support (Dkt. No. 27-21 ("McCabe Mov. Br.")), a Declaration from McCabe's counsel of record (Krapf Decl.) along with supporting exhibits (Krapf Decl. Exs. A–S), and a Certificate of Service (Dkt. No. 28).  The Court then set a briefing schedule, giving Plaintiff until January 31, 2025, to oppose McCabe's motion to dismiss.  (Dkt. No. 30).  Plaintiff timely filed his opposition to McCabe's motion on January 31, 2025.  (Dkt. No. 32 ("P. Opp. McCabe")).  McCabe replied on February 7, 2025.  (Dkt. No. 34 ("McCabe Rep.").  Plaintiff filed an additional letter on February 19, 2025.  (Dkt. No. 36).

## LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(1)

"'[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([*i.e.*,] subject-

matter jurisdiction).'" *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 272 (S.D.N.Y. 2018) (quoting *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citation omitted). "'Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Gurevitch v. Emerald Green Prop. Owners Ass'n, Inc.*, No. 23 Civ. 8156 (CS), 2025 WL 642347, at *3 (S.D.N.Y. Feb. 27, 2025) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)). "'When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists, and the district court may examine evidence outside of the pleadings to make this determination.'" *Id.* at *3 (quoting *Arar*, 532 F.3d at 168).

"In reviewing a motion to dismiss under Rule 12(b)(1), the court 'must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs.'" *Hylton*, 338 F. Supp. 3d at 272 (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). "The court 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [] may not rely on conclusory or hearsay statements contained in the affidavits.'" *Id.* at 272–73 (quoting *J.S.*, 386 F.3d at 110). "In resolving a Rule 12(b)(1) motion, a court may also 'consider matters of which judicial notice may be taken.'" *Id.* at 273 (quoting *Greenblatt v. Gluck*, No. 03 Civ. 597 (RWS), 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003)) (cleaned up).

"An argument that the court does not have subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1)." *Id.* (citing *Chery v. Nationstar Mortg. LLC*, No. 18 Civ. 1240 (PAC), 2018 WL 3708664, at *4 (S.D.N.Y. Aug. 2, 2018)). "When a defendant moves to dismiss both for lack of subject matter jurisdiction and on other grounds such as failure to state a claim upon which relief can be granted, the Court must address the issue of subject matter jurisdiction first." *Gurevitch*, 2025 WL 642347, at *3 (citing *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

In considering a motion to dismiss under Rule 12(b)(1) where the plaintiff is proceeding *pro se*, "the allegations of [the] Complaint must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Germosen-Vasquez v. Cohen, Frankel & Ruggiero, LLP*, No. 21 Civ. 7487 (AT) (SDA), 2022 WL 2612402, at *2 (S.D.N.Y. Mar. 10, 2022) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)), *R&R adopted,* 2022 WL 2236347 (S.D.N.Y. June 22, 2022). "However, '*pro se* litigants still must establish subject matter jurisdiction to proceed in federal court.'" *Hall v. N.Y.C. Water Bd.*, No. 24 Civ. 2483 (JPC) (GWG), 2024 WL 4487257, at *3 (S.D.N.Y. Oct. 15, 2024) (quoting *Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015)), *R&R adopted,* 2024 WL 4712425 (S.D.N.Y. Nov. 7, 2024).

## B. Fed. R. Civ. P. 12(b)(6)

Under Rule12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R.

Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all factual allegations in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (citation omitted). However, courts "need not consider 'conclusory allegations or legal conclusions couched as factual allegations.'" *Dixon*, 994 F.3d at 101 (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Accordingly, "it is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman*, 470 F.3d at 474 (cleaned up). Nonetheless, *pro se* pleadings still "must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555). "To that

point, where an allegation lacks an essential, necessary element to the entitlement

of relief, a court's 'duty to liberally construe a plaintiff's complaint [is not] the

equivalent of a duty to re-write it.'" *Vinluan on behalf of D.V. v. Ardsley Union Free*

*Sch. Dist.*, No. 19 Civ. 6496 (NSR), 2021 WL 3193128, at *4 (S.D.N.Y. July 27, 2021)

(quoting *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009)).

Finally, "a court may consider a *res judicata* or collateral estoppel defense on

a Rule 12(b)(6) motion to dismiss 'when the court's inquiry is limited to the

plaintiff's complaint, documents attached or incorporated therein, and materials

appropriate for judicial notice.'" *Ramsaroop v. Dep't of Educ. of City of New York*,

No. 20 Civ. 4947 (ER), 2022 WL 376029, at *3 (S.D.N.Y. Feb. 8, 2022) (quoting

*TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498–99 (2d Cir. 2014)).  Further,

when evaluating a *res judicata* or collateral estoppel defense at the pleading stage,

"'courts routinely take judicial notice of documents filed in other courts, . . . not for

the truth of the matters asserted in the other litigation, but rather to establish the

fact of such litigation and related findings.'" *Shah v. Consol. Edison Corp.*, No. 05

Civ. 2868 (JSR) (KNF), 2006 WL 8460946, at *3 (S.D.N.Y. May 12, 2006) (quoting

*Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)), *R&R adopted*, 2006

WL 8460945 (S.D.N.Y. July 28, 2006).

## DISCUSSION

Both Defendants move to dismiss the Complaint on the grounds that all of

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the doctrines of

*res judicata* and collateral estoppel.  (Deutsche Mov. Br. at 1–2, 5–9; McCabe Mov.

Br. at 5–9). In the alternative, Defendants move under Rule 12(b)(6) for failure to state a claim. (Deutsche Mov. Br. at 9–16; McCabe Mov. Br. at 9–10).

As explained below, the Court finds that Plaintiff's claims for slander of title, injunctive relief, and a declaratory judgment against both Defendants (but not his federal law claims) are barred by the *Rooker-Feldman* doctrine and by collateral estoppel; that all of Plaintiff's claims against Deutsche Bank, with the exception of his RESPA claim, are barred by the doctrine of *res judicata*, and that none of Plaintiff's claims against McCabe are barred by *res judicata*; and that Plaintiff's remaining federal claims against both McCabe and Deutsche Bank are insufficiently pled. Therefore, the undersigned respectfully recommends granting both Defendants' motions to dismiss the Complaint.

## A. The *Rooker-Feldman* Doctrine

As Judge Parker explained in her March 10, 2021 Report and Recommendation recommending dismissal of Plaintiff's First Federal Action, which was adopted in full by Judge Caproni, "[t]he *Rooker-Feldman* doctrine bars federal courts from hearing cases brought by plaintiffs who lost in state court and subsequently request a federal court reject or overrule the state court judgment." (2021 R&R at 4 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see Worley v. Simon Meyrowitz & Meyrowitz, P.C.*, No. 23-187, 2023 WL 8664375, at *2 (2d Cir. Dec. 15, 2023) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments."). "The *Rooker-Feldman* doctrine turns on the '*causal*

*relationship* between the state-court judgment and the injury of which the party complains in federal court,'" *Worley*, 2023 WL 8664375, at *2 (quoting *McKithen v. Brown,* 481 F.3d 89, 97–98 (2d Cir. 2007) (emphasis in original)), rather than "'the similarity between a party's state-court and federal-court claims,'" *Horsburgh v. Bank of Am., N.A.*, No. 21 Civ. 07945 (NSR), 2023 WL 2648394, at *4 (S.D.N.Y. Mar. 27, 2023) (quoting *McKithen*, 481 F.3d at 97–98).

"There are 'four requirements for the application of *Rooker–Feldman*': (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] . . . review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'" *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (quoting *Hoblock v. Albany Cnty. Bd. of Elecs.,* 422 F.3d 77, 85 (2d Cir. 2005)). "The Second Circuit characterizes the first and fourth elements as 'procedural' and the second and third elements as 'substantive.'" *Horsburgh*, 2023 WL 2648394, at *3 (quoting *Hoblock*, 422 F.3d at 85). "The doctrine is a narrow one and is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

Deutsche Bank argues that this action is barred in its entirety because it effectively seeks review of both the JFS issued in the Foreclosure Action on October

7, 2019 and the July 15, 2019 dismissal of the 2019 Action filed by Thomas, whereas McCabe appears to rely solely on the JFS. (Deutsche Mov. Br. at 6–7; McCabe Mov. Br. at 6–7). In assessing this question, the Court distinguishes between Plaintiff's claims for slander of title, injunctive relief, and a declaratory judgment, on the one hand, and his federal law claims on the other hand.

### 1. Claims for Slander of Title, Injunctive Relief, and a Declaratory Judgment

With respect to Plaintiff's claims for slander of title, injunctive relief, and a declaratory judgment, all four requirements of the *Rooker-Feldman* doctrine are met.

The first element, that Plaintiff must have previously lost in state court, is clearly satisfied. As recognized by Judge Parker in the First Federal Action (*see* 2021 R&R at 5), Plaintiff lost in two separate State Court actions: (1) the Foreclosure Action, in which Deutsche Bank was granted the JFS (Gordon Decl. Ex. C) and Plaintiff's motions to vacate the JFS were repeatedly denied by the State Court (Gordon Decl. ¶¶ 3–6, Ex. D; Krapf Decl. ¶¶ 8–9, Ex. G); and (2) Plaintiff's 2019 Action, which was dismissed by the State Court on motion of the defendants (Gordon Decl. ¶¶ 7–9 & Exs. E–F; Krapf Decl. ¶¶ 17–18, Exs. M–N).

As to the second element, Plaintiff complains of injuries caused by the State Court judgments, namely his loss of title to and ownership of the Property. These injuries stem from both the JFS awarded to Deutsche Bank in the Foreclosure Action and from the 2019 Dismissal, which prevented Thomas from relitigating these issues. In finding the second *Rooker-Feldman* element satisfied, Judge

Parker noted that in both the action before her and the 2019 Action, "Plaintiff sued [Deutsche Bank] . . . to quiet title, and [for] slander of title and sought injunctive and declaratory relief[.]"  (2021 R&R at 5; *see* Gordon Decl. Ex. E ¶¶ 69–84).  Judge Parker emphasized that the complaint in the action before her was "identical to the complaint filed by Plaintiff in the [2019 Action] against" Deutsche Bank.  (2021 R&R at 5).  Similarly, Plaintiff's causes of action in the instant Complaint for slander of title, injunctive relief establishing his title to the Property, and a declaratory judgment to quiet title in his favor, as well as the related factual allegations, are in substance identical to the allegations and the relief sought in his 2019 Action and his prior federal action.[6]  (*Compare* Compl. ¶¶ 34–49, 84–108 *with* 2019 Compl. ¶¶ 25–40, 61–84 and 1st Fed. Compl. ¶¶ XXXII–XLVII, LIII–LXXII).  Plaintiff here again asks the Court to find Defendants liable for slander of title, to quiet title, and for injunctive and declaratory relief, all of which relate to Plaintiff's asserted interest in the Property and arise out of identical facts.  (Compl. ¶¶ 84– 108).  "Thus, Plaintiff complains of injuries stemming from the state court's judgment," and the second element is therefore satisfied.  (2021 R&R at 6).

The third element, that Plaintiff must invite review and rejection of the state court judgment, is also satisfied.  "In filing this action, Plaintiff asks this Court to find that the judgment of foreclosure by the state court and the state court's

---

[6] Paragraphs 50–57 of Plaintiff's "Statement of Pertinent Facts" in the instant Complaint do not appear in the earlier complaints.  (Compl. ¶¶ 50–57).  However, these facts pertain to Plaintiff's attempts to notify Deutsche Bank and the loan servicer, Carrington Mortgage Servicers, by mail of alleged billing errors under 12 C.F.R. § 1024.35 and do not relate to Plaintiff's second, third, or fourth causes of action.

dismissal of Plaintiff's subsequent action against [Deutsche Bank] seeking review of that judgment were incorrect." (2021 R&R at 6 (citing *Hoblock*, 422 F.3d at 87)). In his causes of action for slander of title and injunctive and declaratory relief, Plaintiff seeks to relitigate the very issues that the State Court, in the JFS and the 2019 Dismissal, decided against Plaintiff. This is evident from Plaintiff's requested relief, which includes a request to "quiet title" and have the Court "declar[e] that the title to the Subject Property is vested in Plaintiff alone and that the Defendant be declared to have no interest estate, right, title or interest in the subject property and that Defendant, their agents, and assigns, be forever enjoined from asserting any estate, right[,] title, or interest in the Subject Property . . . ." (Compl. ¶ 108). If this Court were to grant Plaintiff the relief he requests, it would necessarily be disagreeing with the State Court's prior determinations that title and ownership of the Property are vested in Deutsche Bank, not Plaintiff, and that Plaintiff is no longer entitled to litigate these issues.

The fourth element, that the state court judgment be rendered before the federal action commenced, is also satisfied. The JFS was issued on October 7, 2019 and the 2019 Dismissal was issued on July 15, 2019 (Gordon Decl. Exs. C, F), and this action was not commenced until October 3, 2024. In reaching this conclusion, the Court takes into account (although it was not cited by the parties) the Second Circuit's decision in *Hunter v. McMahon*, 75 F.4th 62 (2d Cir. 2023). In *Hunter*, the Second Circuit held that a state court judgment is not "rendered" for *Rooker-Feldman* purposes prior to the federal action where "an appeal remained pending in

the state case when [the plaintiff] filed her federal suit." *Id.* at 69. This is because, as the court explained: "*Rooker-Feldman* does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court. . . . Simply stated, proceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum." *Id.* at 70 (cleaned up).

Here, so far as the record and the State Court dockets reflect, there was no appeal by Thomas pending at the time he commenced this action on October 3, 2024. And the 2019 Action unquestionably was over by that point. Deutsche Bank promptly served Notice of Entry of the 2019 Dismissal on July 25, 2019, days after it was issued on July 15, 2019, and Thomas did not file an appeal of that decision within 30 days or at any point. (Gordon Decl. Ex. F). The situation with respect to the Foreclosure Action, however, is a bit more complicated.

The Foreclosure Action itself was not over as of October 3, 2024. Due to moratoriums on foreclosures during the COVID-19 pandemic, Deutsche Bank was delayed in proceeding to a foreclosure sale following issuance of the JFS in 2019. (Gordon Decl. ¶ 14). On September 12, 2024, three weeks before Thomas commenced this action, Deutsche Bank re-noticed a foreclosure sale of the Property, to be held on October 7, 2024. (*Id.* & Ex. J). On that same date—September 12, 2024—Deutsche Bank re-served a Notice of Entry of the JFS itself (Compl. at 98–114), even though it had previously served Notice of Entry of the JFS on February 14, 2022. *Deutsche Bank Nat'l Tr. Co. v. Thomas*, Index No. 35849/2015E, Docket

19

No. 142 (Sup. Ct. Bronx Cnty. Feb. 14, 2022).  Under New York law, a party's "time to appeal is generally thirty days from service of a judgment on the party bringing the appeal."  *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 211 (2d Cir. 2014) (citing N.Y. C.P.L.R. § 5513(a)).  Therefore, at the time Thomas filed this federal suit—which *Hunter* instructs is the relevant moment in time for assessing whether the *Rooker-Feldman* doctrine applies, *see* 75 F.4th at 71 & n.11—it appears that the JFS remained subject to appeal.[7]

Nevertheless, the Court determines that as of the time this action was commenced, the issues decided by the State Court's JFS in the Foreclosure Action had, for *Rooker-Feldman* purposes, been "finally resolve[d]."  *Hunter*, 75 F.4th at 70. Thomas did appeal the State Court's December 2019 denial of his motions to vacate the JFS, and that appeal was dismissed.  (Krapf Decl. ¶¶ 9–10 & Ex. H).  Deutsche Bank originally served Notice of Entry of the JFS in February 2022, and Thomas took no appeal from the JFS at that time.  Subsequently, in April 2024, the State Court denied an additional motion by Thomas to vacate the JFS and specifically found that the JFS was "final" as to all questions at issue between the parties. (Krapf Decl. Ex. I).  Thomas did not appeal from that ruling, nor did he take an

---

[7] The September 12, 2024 notice of sale and notice of entry followed an Order by the State Court granting Deutsche Bank's motion to "proceed with Sale of the premises and directing the Bronx County Clerk to accept Plaintiff's subsequent Notice of Sale" directing Deutsche Bank to "re-publish the Notice of Sale" and stating that "the Judgment of Foreclosure and Sale entered on October 7, 2019, shall remain in full force and effect . . . ."  *Deutsche Bank Nat'l Tr. Co.*, Index No. 35849/2015E, Dkt. Nos. 177, 194.  While the Court can find no order on the State Court docket of the Foreclosure Action directing Deutsche Bank to renew the Notice of Entry of the JFS, Deutsche Bank nonetheless did so on September 12, 2024.  *Id.* at Dkt. No. 258.  As neither party has provided an explanation for why the Notice of Entry of the JFS was filed twice, the Court assumes without deciding that the re-filing of the Notice of Entry triggered an additional 30 days for Thomas to appeal the JFS under N.Y. C.P.L.R. § 5513(a).

appeal after Deutsche Bank re-served Notice of Entry on September 12, 2024.

Without venturing a view as to whether, in general, a state court judgment is final

for *Rooker-Feldman* purposes where the judgment remains appealable, but has not

been appealed, at the time the federal action is commenced—an issue not addressed

in *Hunter*[8]—the Court concludes that the JFS was sufficiently final for *Rooker-*

*Feldman* purposes under the circumstances of this case.[9]

Plaintiff does not specifically address Defendants' *Rooker-Feldman* argument,

but he does contend that his claims are not barred because he has added McCabe as

a party. (P. Opp. Deutsche ¶ 25). The law, however, is to the contrary. As the

Second Circuit has noted, because "[t]he *Rooker–Feldman* doctrine bars 'cases . . .

brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments,'" "[i]t does not matter that

[the plaintiff] added parties to the federal action who were not parties to the state

action," as Thomas did with McCabe. *Russo v. GMAC Mortg., LLC*, 549 F. App'x 8,

---

[8] Some courts have found state court judgments sufficiently final for *Rooker-Feldman* purposes even though the plaintiff's time to appeal had not yet expired. *See, e.g.*, *Olsson v. Madigan*, 600 F. App'x 1009, 1011–12 (7th Cir. 2015) (rejecting plaintiff's argument that "*Rooker-Feldman* does not apply to [his] suit because he filed it before the time to appeal the state judgment had expired" because "no state-court appeal was pending when, or after, [plaintiff] filed this federal action, so this case does not involve parallel state and federal litigation"); *Feldman v. McKay*, No. CV 15-4892 MMM (JEMx), 2015 WL 7710145, at *5 (C.D. Cal. Nov. 25, 2015) (finding that state court's entry of summary judgment in unlawful detainer action was final where neither party sought further action in state court, and reasoning that "although at the time the federal case was filed, plaintiffs' time to appeal the state court decision had not yet expired, plaintiffs' election to pursue a federal remedy in lieu of appealing the state decision triggered *Rooker-Feldman*").

[9] The Court notes that even if this were not the case, Plaintiff's claims for slander of title, injunctive relief, and a declaratory judgment would still be barred by the *Rooker-Feldman* doctrine on the basis of the 2019 Dismissal, which clearly was final as of the commencement of this action.

10 (2d Cir. 2013) (quoting *Exxon Mobil Corp.,* 544 U.S. at 284); *see also Alroy v. City of N.Y. L. Dep't,* 69 F. Supp. 3d 393, 401 & n.13 (S.D.N.Y. 2014) ("Although Plaintiff names additional defendants in the present action, that does not change the outcome. The additional defendants were the legal representatives and officers of the defendants in the State Action and Plaintiff only challenges actions they took in their representative capacities.").

Accordingly, all four *Rooker-Feldman* factors are satisfied, and this Court is barred from considering Plaintiff's requests to grant the relief Plaintiff seeks in his second, third, and fourth causes of action.

### 2.  Plaintiff's Federal Law Claim

Contrary to Defendants' contentions, however, Plaintiff's first cause of action, seeking damages for Defendants' alleged violations of federal law in connection with alleged "billing errors," requires a different analysis.

"The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment." *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016). In *Worthy-Pugh*, for example, the Second Circuit affirmed the district court's application of *Rooker-Feldman* to bar certain of plaintiff's claims because they challenged a prior state court judgment of foreclosure and "effectively request[ed] that the federal district court rule the judgment was void." *Id.* But the Second Circuit held that *Rooker-Feldman* did not

bar plaintiff's fraud claim seeking damages against Deutsche Bank. *Id.* (citing *Vossbrinck*, 773 F.3d at 427–28); *see also Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (the *Rooker-Feldman* doctrine "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment'" (quoting *Vossbrinck*, 773 F.3d at 427)).

Applying those principles here, the Court finds that Plaintiff's claim for violations of the FCRA, FDCPA, FCBA, and RESPA are not precluded by *Rooker-Feldman*. So far as the record reflects, or Defendants have shown, Thomas did not previously assert violations of these laws in the prior state court proceedings, in either the original Foreclosure Action or the 2019 Action. Moreover, the only relief requested in Plaintiff's first cause of action is damages; he does not seek, as part of that cause of action, to restore his title, undo the JFS, or declare his ownership of the Property. As such, a ruling in Thomas' favor would not necessarily require the Court to sit in review of the prior state court judgments. *See Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 295 (E.D.N.Y. 2024) (holding that "the *Rooker-Feldman* doctrine does not bar Plaintiff's Consumer Protection Claims," including for alleged violations of FDCPA and TILA, "to the extent he seeks damages based on Wells Fargo's alleged misrepresentations related to the Note, Mortgage, Assignment, or Loan Modification Agreement"); *Jones v. Grisanti*, No. 22 Civ. 145 (LVJ), 2024 WL 3415361, at *7 (W.D.N.Y. July 15, 2024) (holding that *Rooker-*

*Feldman* "does not bar claims for damages for fraudulent conduct allegedly related to or underlying foreclosure proceedings" and rejecting defendants' argument that *Rooker-Feldman* barred plaintiff's FDCPA, slander of credit, and other damages claims).

### B. Res Judicata

With the exception of his RESPA claim, all of Plaintiff's claims against Deutsche Bank, including his federal law claims, are also barred by the doctrine of *res judicata.*

"When applying the doctrine of res judicata, 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Worthy-Pugh*, 664 F. App'x at 22 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Because the Foreclosure Action and the 2019 Action took place in New York, "this Court applies New York's *res judicata* and collateral estoppel doctrines." *Burton*, 738 F. Supp. 3d at 290 (citing *Council v. Better Homes Depot, Inc.*, No. 04 Civ. 5620 (NGG) (KAM), 2006 WL 2376381, at *3 (E.D.N.Y. Aug. 16, 2006) ("A federal court must apply the rules of preclusion of the state in which the prior judgment was rendered.")).

"In New York, 'the doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein.'" *Borrani*, 820 F. App'x at 22 (quoting *Watts v.*

*Swiss Bank Corp.*, 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 265 N.E.2d 739 (1970)).

"'[I]f claims arise out of the same factual grouping they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief.'" *Id.* at 22–23 (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)). Thus, the doctrine of *res judicata* bars subsequent actions when: (1) "the previous action involved an adjudication on the merits;" (2) "the previous action involved [the same parties] or those in privity with them;" and (3) "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000); *see also Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 745 (2d Cir. 2016).

All three elements are readily met to the extent Plaintiff's claims are brought against Deutsche Bank, except for his RESPA claim.

First, as Judge Parker noted in the First Federal Action, "both the [F]oreclosure [A]ction and the [2019 Action] were adjudicated on the merits." (2021 R&R at 8). The grant of summary judgment and entry of the JFS in the Foreclosure Action plainly were adjudications on the merits, even though Thomas did not oppose Deutsche Bank's motions seeking such relief.[10] *See Dekom v. Fannie Mae*, 846 F. App'x 14, 19 (2d Cir. 2021) ("The foreclosure default judgment is a judgment on the merits."). So too was the State Court's application of *res judicata* and

---

[10] "Importantly, unlike the *Rooker-Feldman* doctrine, under New York law, res judicata can apply to a non-final order, where the order in question determines the relevant issues and claims." *Senatore v. Ocwen Loan Servicing, LLC*, No. 16 Civ. 8125 (VB), 2017 WL 3836056, at *3 n.3 (S.D.N.Y. Aug. 31, 2017).

collateral estoppel to bar Thomas' claims and grant Deutsche Bank's motion to dismiss the 2019 Action.  *See, e.g.*, *Cantore v. City of New York*, No. 16 Civ. 2748 (PGG), 2017 WL 11501442, at *8 (S.D.N.Y. Sept. 15, 2017) ("[C]ourts have concluded that the dismissal of a prior action on res judicata grounds constitutes a final judgment on the merits that is entitled to preclusive effect against later-filed actions.") (collecting cases); *see* 18A Wright, Miller & Elliot, *Federal Practice and Procedure* § 4435 (3d ed. 2025) (updated May 21, 2025) ("[D]ismissal of a second action on the ground that it is precluded by a prior action is itself effective as res judicata, and a judgment on the merits that forecloses further litigation of the preclusion question in a third action.").  Thus, the first element is met.

Second, as Judge Parker also correctly noted, Plaintiff and Deutsche Bank were parties in both the Foreclosure Action and the 2019 Action.  (2021 R&R at 8).  Thus, the second element is met.

Third, Plaintiff's claims could have been asserted in the previous action, and some in fact were.  As explained above, Plaintiff's claims for slander of title, injunctive relief establishing his ownership of the Property, and a declaratory judgment quieting title are in substance identical to his claims in the State Court actions and were rejected by the State Court before Plaintiff commenced this action.

In his opposition, Plaintiff contends that his federal claims are new and thus cannot be barred by *res judicata.*  (P. Opp. McCabe ¶ 30; P. Opp. Deutsche ¶ 20–22).  This argument is unavailing, except as to Plaintiff's RESPA claim.  Plaintiff's claims for violations of FDCPA, FCBA, and FCRA arise out of "the same factual

grouping," *Borrani*, 820 F. App'x at 22–23, presented to the State Court when it issued the JFS and rendered a decision dismissing Plaintiff's 2019 Action. Although Plaintiff does not specify what the "billing errors" that underlie these claims were, or when they occurred, it is evident that they relate to the period when his loan was still being serviced, before Deutsche Bank commenced the Forfeiture Action, as Plaintiff sent his "Error Resolution Notice" under 12 C.F.R. 1024.35— which pertains to mortgage loans—and sent it to the company that serviced his mortgage loan as well as to Deutsche Bank. (*See* Compl. ¶¶ 4, 50 & Exs. A & B). Similarly, the alleged "failures to disclose" that Plaintiff also contends support his federal law claims relate to a Prospectus Supplement issued in 2006. (*See id.* ¶¶ 4 & Ex. D at 4).

Thus, while Plaintiff may not have previously raised these federal law claims based on alleged billing errors and failures to disclose, he *could* have raised them in the prior actions. Principles of *res judicata* preclude Plaintiff from raising them now. *See, e.g.*, *Helberg v. Wells Fargo Bank*, No. 23 Civ. 8073 (JMA) (SIL), 2025 WL 581495, at *8 (E.D.N.Y. Jan. 22, 2025) ("In the foreclosure context, '[c]ourts in this Circuit have found a plaintiff's federal court claim is precluded by a state-court judgment in a foreclosure action when the plaintiff has alleged in federal court that the defendants acted improperly in connection with the making, validity, or enforcement of the underlying mortgage.'" (quoting *Bell v. Deutsche Bank*, No. 18 Civ. 1593 (JMA) (GRB), 2019 WL 4917901, at *5 (E.D.N.Y. Sept. 30, 2019))), *R&R adopted sub nom.*, 2025 WL 580368 (E.D.N.Y. Feb. 21, 2025); *Burton*, 738 F. Supp.

3d at 295 ("While Plaintiff did not specifically raise [his Consumer Protection

Claims, including claims brought under TILA and the FDCPA,] in the Second

Foreclosure Action, they are nonetheless barred because they 'aris[e] out of the

same transaction or series of transactions' at issue in the Second Foreclosure

Action." (quoting *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 147

(E.D.N.Y. 2016))).

Plaintiff's RESPA claim against Deutsche Bank stands on a different footing.

Plaintiff bases this claim on his allegations that he sent Error Resolution Notices to

Deutsche Bank in 2023 and that Deutsche Bank failed to respond to them, in

violation of its purported duty to respond under 12 C.F.R. § 1024.35.  (Compl. ¶¶

50–54).  *See* 12 C.F.R. § 1024.35(e) (providing that, with certain exceptions, "a

servicer must respond to a notice of error" by either correcting the error and

providing written notification thereof to the borrower or conducting a reasonable

investigation and providing written notification to the borrower that no error

occurred).  Because this claim did not arise until 2023, Plaintiff could not have

asserted it as part of his previously filed actions.  Hence, it is not barred by *res

judiciata*.  *See Dekom*, 846 F. App'x at 19 (finding that *res judiciata* applies to all of

borrower's claims "except his RESPA claim against" loan servicer).

Meanwhile, McCabe's *res judiciata* argument is unavailing as to any of

Plaintiff's claims in this action.  In order for the previous state court actions to have

a claim preclusive effect as to McCabe, McCabe must either have been a party to

those actions or have been in privity with a party.  But McCabe was neither a party

nor in privity with any party.  In its 2022 decision in *Hansen v. Miller*, *supra*, the Second Circuit held that "an attorney is in privity with his client for purposes of *res judicata* only where the attorney 'had a personal interest in the subject of the earlier action.'"  *Gurevitch*, 2025 WL 642347, at *7 (quoting *Hansen*, 52 F.4th at 101).  Thus, the court found that an attorney who represented his client in a foreclosure action was not in privity with that client because he "did not have a cognizable personal interest in the subject of the state foreclosure action."  *Hansen*, 52 F.4th at 101.  "'This is the case even where the plaintiff's later claim is predicated on allegations that the counsel to the party in the prior action and that party itself were involved in misconduct.'"  *Gurevitch*, 2025 WL 642347, at *7 (quoting *Weir v. Montefiore Med. Ctr.*, No. 23 Civ. 4468, 2023 WL 5747642, at *4 (S.D.N.Y. Sept. 6, 2023), *reconsideration denied*, 2024 WL 2049411 (S.D.N.Y. May 6, 2024), *aff'd*, No. 24-1527, 2025 WL 289497 (2d Cir. Jan. 24, 2025)).

Thus, to be in privity with Deutsche Bank for *res judicata* purposes, McCabe must show that it had a "cognizable personal interest in the subject of the state foreclosure action[.]"  *Gurevitch*, 2025 WL 642347, at *7 (quoting *Hansen*, 52 F.4th at 101).  McCabe does not claim it had any such cognizable personal interest, nor do the facts pled in the Complaint or reflected in the documents submitted on this motion suggest that it did.  Instead, McCabe seems to assume that its attorney-client relationship with Deutsche Bank can alone establish privity, and it cites to decisions that pre-date *Hansen*.  (McCabe Mov. Br. at 8).  But as one court concluded in rejecting a similar argument in another case by attorney-defendants

who claimed they were "in privity with Deutsche Bank, apparently because they represented [Deutsche Bank] in the foreclosure action, . . . that alone is not enough to establish privity" under New York law. *Jones*, 2024 WL 3415361, at *9; *see id.* at 9 n.17 (noting that, while "[s]ome district courts have suggested that an attorney-client relationship itself is enough to support a finding that two parties were in privity for *res judicata* purposes," "this Court is bound to follow New York State law on this issue, as well as the Second Circuit's interpretation of that law in *Hansen*") (citations omitted); *see also Gurevitch*, 2025 WL 642347, at *7 ("'[A]n attorney-client relationship, without more, is insufficient to establish privity between counsel to a party in the prior action and that party itself.'" (quoting *Weir*, 2023 WL 5747642, at *4)).

## C. Collateral Estoppel

The Court further concludes that Plaintiff's second, third, and fourth causes of action are barred as to both McCabe and Deutsche Bank by collateral estoppel. "For an issue to be subject to collateral estoppel it must have been 'necessarily decided in the prior action *against* a party, or one in privity with a party.'" *Weir*, 2023 WL 5747642, at *6 (quoting *Hansen*, 52 F.4th at 96 (emphasis added) (citing *Buechel* v. *Bain*, 97 N.Y.2d 295, 303–04 (2001)). "Put simply, where a party has an opportunity to fully and fairly litigate an issue, does so, and loses, that party may be estopped from asserting that issue in a subsequent proceeding." *Id.* Although McCabe was not a party to the state court decisions, nor to the prior decision in this Court, it is "nonetheless entitled to assert collateral estoppel against Plaintiff under

the doctrine of non-mutual estoppel, which 'allows a defendant who was not party to the previous litigation to rely on . . . collateral estoppel to bar . . . issues raised in subsequent litigation, assuming the issue was fully and fairly litigated in the first instance.'" *Id.* (quoting *Ranasinghe v. Kennell*, No. 16 Civ. 2170 (JMF), 2017 WL 384357, at *3 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir. 2018)).

Here, Plaintiff previously asserted his second, third, and fourth causes of action and, after having had a full and fair opportunity to litigate those claims, lost on the merits. The State Court in its 2019 Dismissal concluded that collateral estoppel barred Plaintiff from asserting these claims. (2019 Dismissal at 8). This Court reaches the same conclusion.

### D. Failure to State a Claim under Rule 12(b)(6)

The sum and substance of the foregoing analysis is that all of Plaintiff's claims in this action are barred by the *Rooker-Feldman* doctrine, *res judicata*, and/or collateral estoppel with the exception of (1) Plaintiff's RESPA claim against Deutsche Bank and (2) Plaintiff's federal claims as against McCabe. The Court thus analyzes whether Plaintiff's allegations are sufficient to state a claim against Deutsche Bank or McCabe under Rule 12(b)(6).

#### 1. Plaintiff's RESPA Claim Against Deutsche Bank

"RESPA is a consumer-protection statute that imposes various duties on loan servicers." *Bocci v. Nationstar Mortg. LLC*, No. 23 Civ. 1780 (JPC) (KHP), 2024 WL 3813756, at *8 (S.D.N.Y. June 28, 2024), *R&R adopted,* 2024 WL 4326932 (S.D.N.Y. Sept. 27, 2024). Specifically, "RESPA was enacted to ensure that consumers are

informed about the 'nature and costs of the [real estate] settlement process' and to protect them from 'abusive practices' in the market for real estate services." *Mongiello v. HSBC Bank USA NA as Tr. for LMT 2006-6 Tr. Fund*, No. 24 Civ. 2291 (KMK), 2025 WL 674345, at *7 (S.D.N.Y. Mar. 3, 2025) (quoting *Sutton*, 228 F. Supp. 3d at 260).

"'To state a claim under RESPA, a plaintiff must allege that the defendant failed to comply with specific RESPA provisions *and* identify damages that she sustained *as a result* of the defendant's alleged RESPA violations.'" *Id.* (quoting *Bocci*, 2024 WL 3813756, at *8 (emphasis in original)). Notably, "[c]ourts regularly dismiss RESPA complaints at the pleading stage 'for failing to "allege injury and resulting damages that are *proximately caused* by the loan servicer's failure to adhere to its [RESPA] obligations."'" *Id.* (quoting *Bocci*, 2024 WL 3813756, at *8 (emphasis in original)). Here, to withstand a motion to dismiss his RESPA claim, "Plaintiff must specifically allege and show how Defendant[s'] purported RESPA violations—rather than Plaintiff's underlying failure to pay h[is] mortgage and the subsequent foreclosure sale—gave rise to h[is] damages." *Manzolillo v. Nationstar Mortg., LLC*, 765 F. Supp. 3d 157, 166 (E.D.N.Y. 2025).

Thomas alleges Defendants failed to timely respond to an "Error Resolution Notice"[11] he sent to Deutsche Bank, as indenture trustee, and Carrington Mortgage Services, LLC ("Carrington"), as servicer of the loan, and timely correct the alleged

---

[11] Under 12 C.F.R. § 1024.35(a), a notice that "asserts an error relating to the servicing of a mortgage loan is referred to as a notice of error." *Bocci*, 2024 WL 3813756, at *8 n.7. For the sake of clarity, the Court adopts Thomas' term of "Error Resolution Notice" in lieu of a notice of error.

error pursuant to 12 C.F.R. § 1024.35.  (Compl. ¶¶ 4, 50–53).  However, Thomas "has failed to identify any damages that he has sustained as a result of those violations."  *Mongiello*, 2025 WL 674345, at *7.  "This failure is 'fatal' to Plaintiff's claims under RESPA."  *Id.* (quoting *Bocci*, 2024 WL 3813756, at *9); *see also Dekom*, 846 F. App'x. at 20–21 (dismissing RESPA claim where plaintiff did not "allege any facts plausibly showing actual damages").

Thomas asserts that Deutsche Bank and Carrington's "failures . . . may damage his reputation with certain credit reporting agencies."  (Compl. ¶ 60).  However, Thomas does not allege that he has presently suffered actual damages, nor does he provide more than this vague prediction of future damage.  *See Gorbaty v. Wells Fargo Bank, N.A.*, No. 10 Civ. 3291 (NGG) (SMG), 2014 WL 4742509, at *6 (E.D.N.Y. Sept. 23, 2014) (finding that "Plaintiff's threadbare and conclusory recitals that Defendants' conduct 'resulted in loss of equity in Plaintiff's home' and caused 'damage to reputation'" to be "inadequate" to state a claim under RESPA).  To the extent that Thomas' alleged damages are the costs associated with sending out the Error Resolution Notices, this argument also fails.  "[C]osts associated with preparing and sending [Error Resolution Notices] and initiating a lawsuit regarding a failure to respond to [Error Resolution Notices] are not damages proximately caused by or recoverable under RESPA."  *Bocci*, 2024 WL 3813756, at *8 (citing *Gorbaty*, 2014 WL 4742509, at *6).[12]

---

[12] To the extent Plaintiff claims Deutsche Bank's failure to return the prepaid envelopes he sent with his Error Resolution Notices amounts to "theft" (*see* Compl. ¶¶ 52, 54–55), any such claim is frivolous.  Nothing in 12 C.F.R. 1024.35 requires that prepaid envelopes be sent, and Plaintiff did so of his own free will.

Even if Thomas could assert damages for alleged violations of RESPA, only loan servicers can be held liable under RESPA. Thus, Deutsche Bank cannot be held liable for Thomas' alleged violations pursuant to 12 C.F.R. 1024.35. *See Ramirez v. Wells Fargo Bank, N.A.*, No. 19 Civ. 5074 (CBA), 2021 WL 9564023, at *1, 5 (E.D.N.Y. Mar. 24, 2021) (dismissing RESPA claims against Defendant U.S. Bank because "the regulations at issue in this case apply only to 'servicer[s]'" and U.S. Bank was the trustee, and thus could not "be held liable under RESPA because it is not a servicer").

Accordingly, as Deutsche Bank is not alleged to have been the servicer of Plaintiff's loan, and because Plaintiff has failed to allege damages linked to the alleged violations of 12 C.F.R. 1024.35, Plaintiff has failed to state a RESPA claim against Deutsche Bank.

### 2. Plaintiff's FDCPA Claim Against McCabe

Thomas sues McCabe in connection with its role as "counsel for co-defendant Deutsche Bank in [the] mortgage foreclosure proceeding against Plaintiff . . . ." (Compl. at 4; *see id.* ¶¶ 12, 18). The Complaint alleges that McCabe "is liable to the plaintiff as counsel for the defendant Deutsche Bank in [the Foreclosure Action] pursuant to [the FDCPA]," which provides for claims against "any attorney who collects debts on behalf of a client." (Compl. ¶12). Thus, it appears that Plaintiff's only federal claim against McCabe is for a violation of the FDCPA. (*Id.*; *see also* P. Opp. McCabe ¶ 2 (stating that "Plaintiff's complaint against [McCabe] was filed pursuant to" the FDCPA)).

"The FDCPA prohibits deceptive practices by debt collectors." *Helberg*, 2025 WL 581495, at *11 (citing *Llewellyn v. Asset Acceptance, LLC*, 15-3681, 2016 WL 5944723, at *1 (2d Cir. Oct. 13, 2016)). "To establish a claim under the FDCPA, a plaintiff must show that: (1) the plaintiff is a 'consumer' under the Act; (2) the defendant is a 'debt collector;' and (3) the defendant must have engaged in conduct violating the statute.'" *Id.* (quoting *Katz v. Sharinn & Lipshie, PC*, No. 12 Civ. 2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sept. 11, 2013)). "A 'debt collector' is 'any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* (quoting 15 U.S.C. § 1692a(6)). The FDCPA applies in the context of mortgage foreclosures, at least in certain circumstances, *see Cohen v. Rosicki, Rosicki & Assocs.*, P.C., 897 F.3d 75, 82–84 (2d Cir. 2018), and attorneys representing clients in attempting to collect a debt may qualify as "debt collectors" within the meaning of the statute, *see Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

Thomas has provided no more than conclusory assertions that McCabe is liable under the FDCPA. The Complaint is devoid of any factual allegations describing what McCabe did that violated the FDCPA. It alleges only that McCabe was "involved in the incidents that took place" on or about July 10, August 1, and November 7, 2023, the dates when Thomas sent "Error Resolution Notices" to Deutsche Bank. (Compl. ¶ 23; *see also id.* ¶ 1 (suggesting that McCabe "fail[ed] to

correct the accuracy of a consumer report")).  But Plaintiff does not explain how Deutsche Bank's failure to respond to those notices, even if McCabe was somehow "involved" in that conduct, could constitute a deceptive practice in violation of the FDCPA.  And the Complaint does not allege that McCabe had any involvement whatsoever in the alleged "billing errors" and "failures to disclose" that purportedly were the subject of the Error Resolution Notices.

Nor does Plaintiff state a claim under the FDCPA merely by alleging that McCabe represented Deutsche Bank in the foreclosure.  *See Leonardo v. Wells Fargo Bank, N.A.*, No. 21 Civ. 4949 (OEM) (JMW), 2024 WL 4485608, at *23 (E.D.N.Y. Aug. 1, 2024) (finding that plaintiffs failed to state a claim under the FDCPA where defendant did nothing more than "attempt[] to collect mortgage debts owed by Plaintiffs through the issuance of the foreclosure, and subsequently brought a Foreclosure Action against them, which is permitted under the Act"), *R&R adopted,* 2024 WL 4344849 (E.D.N.Y. Sept. 30, 2024).  As the State Court found the foreclosure to be valid, issued the JFS, and repeatedly refused to vacate it after considering Plaintiff's arguments, the Court is aware of no violation, and Plaintiff has failed to allege that one occurred.  Thus, Plaintiff has failed to state a claim as to McCabe under the FDCPA (or, for that matter, any of the other consumer protection laws he invokes in the Complaint).[13]

---

[13] Any RESPA claim against McCabe fails for the same reasons that Plaintiff does not state a RESPA claim against Deutsche Bank: Plaintiff does not allege any actual damages from the asserted violation of 12 C.F.R. 1024.35. and McCabe was not the servicer of Plaintiff's loan.  *See Dekom*, 846 F. App'x. at 20–21 (holding that plaintiff's RESPA claims pursuant to 12 C.F.R. 1024.35 fail because plaintiff did "not allege that any of the defendant law firms or their attorneys were loan servicers of

### E. Plaintiffs' Post-Lawsuit Allegations

Plaintiff, for the first time in his opposition briefs, also attempts to assert claims against both McCabe and Deutsche Bank for a commercially unreasonable sale of the Property under Article 9 of the New York Uniform Commercial Code ("UCC") and for "fraud in the factum." (P. Opp. Deutsche ¶¶ 4, 10, 13, 28–29, Ex. J; P. Opp. McCabe at 14; *id.* ¶¶ 6–10, 37–38). These claims relate to the foreclosure sale of the Property that took place on October 7, 2024, four days after this action was commenced. (*See* P. Opp. Deutsche Ex. J). Plaintiff asserts that Deutsche Bank violated §§ 9-625(5) and 9-626(a)(3) of the New York U.C.C. (P. Opp. Deutsche ¶¶ 4, 13, 28–29; P. Opp. McCabe ¶¶ 37–38). Further, Plaintiff asserts McCabe's counsel in this action (who is a McCabe lawyer) committed "fraud in the factum" when she stated in her declaration in support of McCabe's motion to dismiss, and in a February 2025 letter to the Court, that "the Premises were sold to a third party at a foreclosure sale," rather than sold back to Deutsche Bank. (P. Opp. McCabe ¶ 6–10; *see* Krapf Decl. ¶ 15 & Dkt. No. 36).[14]

While courts have discretion to "consider materials outside the complaint" provided by a *pro se* litigant in responding to a motion to dismiss, it is only appropriate to do so "to the extent that [such materials] are consistent with the allegations in the complaint." *Herbert v. George*, No. 24 Civ. 1780 (PMH), 2025 WL

---

his mortgage"). The Complaint likewise fails to allege any conduct by McCabe that could constitute a violation of the FCRA or FCBA.

[14] In its reply, McCabe states that "[a]ny statement in Krapf Decl. that mistakenly indicated that the property was sold to a third part[y] was just that; a mistake," and that McCabe "did not commit fraud on the Court." (McCabe Rep. 3–4).

1268863, at *3 (S.D.N.Y. Apr. 30, 2025). As Plaintiff attempts to assert new claims pertaining to events that took place after the Complaint was filed, his new allegations relating to the foreclosure sale of the Property, by definition, do not relate to the allegations within the Complaint. *See Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) ("A pro se plaintiff may not raise 'entirely new' causes of action for the first time in his opposition papers[.]").

Moreover, these new claims purportedly raise alleged violations of state law, *i.e.*, the New York UCC and common law fraud. But the Court has already found that Plaintiff's federal claims should be dismissed, and inasmuch as both Thomas and McCabe are citizens of New York (*see* Compl. ¶¶ 16, 21), there is no independent source of jurisdiction over these would-be state law claims based on diversity of citizenship. "Federal courts should generally decline to exercise supplemental jurisdiction if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's 'federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain.'" *Alphas v. City of New York Bus. Integrity Comm'n*, No. 15 Civ. 3424 (ALC), 2017 WL 1929544, at *4 (S.D.N.Y. May 9, 2017) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

## F. Deutsche Bank's Request for Attorney's Fees

Deutsche Bank asks the Court to impose monetary sanctions upon Plaintiff in the form of reasonable attorney's fees and costs. "'[A] district court has the inherent authority to sanction parties appearing before it for acting in bad faith,

vexatiously, wantonly, or for oppressive reasons.'" *Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu*, No. 11 Civ. 4383 (CM) (DF), 2015 WL 4389893, at *17 (S.D.N.Y. July 10, 2015) (quoting *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 272 (N.D.N.Y. 2008)).  However, "[t]he Supreme Court has made clear that a court's inherent power to sanction 'must be exercised with restraint and discretion.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  "For this reason, the Second Circuit 'has always required a particularized showing of bad faith to justify the use of the court's inherent power.'" *Id.* (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 948 F.2d 1338, 1345 (2d Cir. 1991)).  While the Court understands that Deutsche Bank has had to defend against these allegations in multiple suits, the Court declines to recommend an award of attorney's fees.  The Court is not convinced that Plaintiff brought this action in entirely bad faith, and it chooses to exercise restraint here as Plaintiff is *pro se* and does not to appear to have been previously warned by this Court of the possibility of sanctions.

That being said, it bears noting that Thomas has placed a considerable burden on this Court and Defendants by continuing to relitigate what is essentially the same action.  This Report & Recommendation marks the second time that this Court has issued a substantive opinion finding Thomas' claims to be without merit (and a third time overall, *see Thomas v. Deutsche Bank Nat'l Tr. Co.*, No. 20 Civ. 6305, Dkt. No. 4 (S.D.N.Y. Aug. 19, 2020)).  Accordingly, Plaintiff is now warned that "district courts may dismiss a frivolous complaint *sua sponte* even when the

plaintiff," as Thomas did here, "has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (noting "[this] action is the third that [the *pro se* plaintiff] has initiated in the Southern District" stemming from the same allegations that had previously been dismissed). The Court further warns Thomas that courts "may not 'excuse frivolous or vexatious filings by *pro se* litigants,'" *Pahuja v. Am. Univ. of Antigua*, No. 11 Civ. 4607 (PAE), 2012 WL 6592116, at *1 (S.D.N.Y. Dec. 18, 2012) (quoting *Iwachiw v. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (S.D.N.Y. 2005)), and "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law,'" *id.* (quoting *Traguth v. Zuck*, 710 F.3d 90, 95 (2d Cir. 1983)). While the undersigned appreciates that Thomas feels passionately about the loss of his property, he has now had multiple opportunities to present his claims, and this Court, as well as the State Court, have, after due consideration, ruled on those claims. Litigants are free to disagree with court rulings. They must, however, respect the legal effects of those rulings.

### G. Leave to Amend

Although courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (cleaned up), "'[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend,'" *Burton*, 738 F. Supp. 3d at 299 (quoting *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243,

258 (2d Cir. 2002)).  Plaintiff's opposition briefs do not ask that he be given leave to amend his Complaint, and the undersigned does not believe that leave to amend should be granted here.

"'One appropriate basis for denying leave to amend is that the proposed amendment is futile.'"  *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 284 (S.D.N.Y. 2018) (quoting *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243 (2d Cir. 2002)).  "Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading."  *Lamour v. Musarra*, No. 24 Civ. 903 (JGLC) (SDA), 2024 WL 5402094, at *5 (S.D.N.Y. Nov. 26, 2024) (quoting *Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020)), *R&R adopted,* 2025 WL 485378 (S.D.N.Y. Feb. 13, 2025).  Here, even a liberal reading of Plaintiff's allegations gives no indication that Plaintiff may be able to state a viable claim; rather, it appears that the problems with Plaintiff's claims are "substantive . . . [and] better pleading will not cure [them]."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Indeed, Plaintiff has filed multiple actions and made numerous arguments arising from the foreclosure of his Property, all of which have been dismissed or rejected as lacking in merit and/or barred by *res judicata*, collateral estoppel, and the *Rooker-Feldman* doctrine.  He is not entitled to yet another bite at the apple. Like Judge Parker in her Report and Recommendation in the First Federal Action (*see* 2021 R&R at 9), the undersigned therefore recommends that the Complaint be dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that

Defendants' motions to dismiss be **GRANTED**.

**SO ORDERED.**

DATED:      New York, New York
            August 15, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. Section 636(b)(1) and Fed. R. Civ. P. 72(b), the parties

shall have fourteen days, inclusive of weekends and holidays, from the date of this

Report and Recommendation to file written objections thereto.  *See also* Fed. R. Civ.

6(a), (b), and (d).  Any such objections shall be filed with the Clerk of Court.  Any

request for an extension of time to file objections must be directed to Judge

Margaret M. Garnett.  A failure to file timely objections will preclude appellate

review.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner v. Wagner, LLP v.*

*Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d

Cir. 2010).