USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE ELWIN THOMAS, ex rel.,

       Plaintiff,

-against-

MCCABE, WEISBERG & CONWAY LLC and DEUTSCHE BANK,

       Defendants.

24-CV-07504 (MMG) (GS)

**ORDER ADOPTING REPORT & RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

  On October 23, 2024, this case was referred to Magistrate Judge Gary Stein for settlement purposes. On October 31, 2024, the referral was amended to include general pretrial supervision and for a report and recommendation on any motions to dismiss. *See* Dkt. Nos. 11, 15. On October 29, 2024, Defendant Deutsche Bank filed a motion dismiss the complaint. Dkt. No. 13. On December 20, 2024, Defendant McCabe, Weisberg & Conway LLC filed a motion to dismiss the complaint. Dkt. No. 27. The motions were fully briefed as of February 7, 2025.

  On August 15, 2025, Magistrate Judge Stein issued his Report & Recommendation ("R&R") on both motions to dismiss. Dkt. No. 38. The R&R recommended that Plaintiff's claims for slander of title, injunctive relief, and declaratory judgment be dismissed as barred under the *Rooker-Feldman* doctrine and collateral estoppel; that Plaintiff's claims against Deutsche Bank, other than his claim under RESPA, be dismissed under the doctrine of *res judicata*; that Plaintiff's second, third, and fourth causes of action against both Defendants are barred by collateral estoppel; and that the remaining claims against both Deutsche Bank and McCabe, Weisberg & Conway LLC be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The R&R also recommended that Plaintiff not be given leave to amend, both because leave to amend was not sought and because, even if it had been, amendment would be futile, given Plaintiff's multiple prior unsuccessful attempts to litigate essentially the same claims. The R&R notified the parties that, pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any objections to the R&R must be filed within 14 days. The R&R, including its notification regarding objections, was mailed to Plaintiff on August 18, 2025.

  Despite notification of the right to object to the R&R, no objections were filed. Where no timely objections are made, the Court may adopt the R&R as long as there is no clear error on the face of the record. *Sacks v. Gandhi Eng'g, Inc.*, 999 F. Supp. 2d 629, 632 (S.D.N.Y. 2014). **As there are no objections and as the Court finds no clear error in the record, the Court hereby adopts the R&R in its entirety.**

Accordingly, for the reasons stated in the R&R, the motions pending at Dkt. Nos. 13 and 27 are GRANTED. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 13 and 27 and CLOSE this case.

Dated: September 8, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge