USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE ELWIN THOMAS, ex rel.,

Plaintiff,

-against-

MCCABE, WEISBERG & CONWAY, LLC and DEUTSCHE BANK,

Defendants.

24-CV-07504 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Before the Court is Eugene Elwin Thomas' ("Plaintiff" or "Mr. Thomas") motion for reconsideration of this Court's September 8, 2025 Order adopting Magistrate Judge Stein's Report & Recommendation ("R&R") dismissing his claims, and Plaintiff's motion for an extension of time to appeal that same order. *See* Dkt. Nos. 38–39, 48, 50. For the reasons explained below, Mr. Thomas' motion for reconsideration is DENIED and his motion for extension of time is DENIED AS MOOT, because the filing of his Rule 59(e) motion tolled the time to appeal and therefore no extension was required.

**BACKGROUND**

The Court assumes the parties' familiarity with the facts and underlying procedural history, which are explained at length in Magistrate Judge Stein's R&R and in this Court's order adopting that R&R. Dkt. No. 38 ("R&R") at 2–6; Dkt. No. 39.

As relevant to the present motion, on August 15, 2025, Magistrate Judge Stein issued an R&R recommending: dismissal of Plaintiff's claims for slander of title, injunctive relief, declaratory judgment under the *Rooker-Feldman* doctrine and collateral estoppel; dismissal of Plaintiff's claims against Deutsche Bank, other than his RESPA claim, under the doctrine of res

judicata; dismissal of Plaintiff's second, third, and fourth causes of action against both Defendants as barred by collateral estoppel; and dismissal of the remaining claims against both Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)—all without leave to amend. *See generally* R&R. The R&R warned that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), any objections must be filed within 14 days of the Order's issuance. *Id.* The R&R was mailed to Plaintiff on August 18, 2025. *See* Text Order Dated August 18, 2025, *Thomas v. McCabe, Weisberg & Conway, LLC, et al.*, No. 24-CV-07504 (MMG) (GS) (S.D.N.Y. Aug. 18, 2025).

No objections were filed within the allotted 14 days, nor was any request made for additional time to respond. Accordingly, finding no independent basis to reject the thorough and well-reasoned R&R, this Court adopted Judge Stein's recommendations in full on September 8, 2025, granting both Defendants' motions to dismiss. Dkt. No. 39.

Nevertheless, on September 23, 2025, twenty-five days past-due, and fifteen days after the Court adopted the R&R, Mr. Thomas requested an extension from Judge Stein to file objections to the R&R. Dkt. No. 42. In this request, Mr. Thomas indicated that he was hospitalized in August and therefore could not file timely objections; the annexed exhibit includes a letter from New York-Presbyterian Hospital, dated August 26, 2025, indicating that Mr. Thomas was treated in the emergency department on August 15, 2025, and should be excused from work until August 16, 2025. *Id.* On October 6, 2025, Mr. Thomas filed the present motion under Federal Rule of Civil Procedure 59(e), along with an affidavit in support, seeking reconsideration of the Court's adoption of the R&R because he was purportedly unable to file timely objections due to his hospitalization. Dkt. No. 48–49. Plaintiff's motion, in substance, amounts to objections to the R&R. Finally, on October 6, 2025, Mr. Thomas filed a

motion for an extension of time to appeal the Court's September 8, 2025 Order, Dkt. No. 50, and Defendant Deutsche Bank ("Deutsche") filed an opposition to Plaintiff's motion for reconsideration on October 20, 2025, Dkt. No. 51.

## DISCUSSION

## I. MOTION FOR RECONSIDERATION

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest."[1] *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Nevertheless, *pro se* litigants are still "'required to inform themselves regarding procedural rules and to comply with them.'" *Azkour v. Haouzi*, No. 11-CV-05780 (RJS) (KNF), 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995)).

Reconsideration is "an extraordinary remedy to be employed sparingly," *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011), and is generally denied unless the movant demonstrates "(1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y 2013); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). To that end, a party "may not . . . advance new facts, issues or arguments not previously presented to the court." *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013). "The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within 'the sound discretion of the district court.'" *Turner v. Naphcare*, No. 19-CV-00412 (LGS), 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Mr. Thomas has not raised "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice" that would compel the Court to revise or reconsider its previous Order adopting the R&R. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Mr. Thomas points to no such change in law (because there is none), there is no newly available evidence absent evidence that "he could have, but failed, to provide the Court" in the first instance, and there is no clear error to manifest in the interest of justice, particularly seeing as Mr. Thomas has been heard on these same issues in prior proceedings. *See Muyet v. United States*, No. 03-CV-04247 (PKL), 2009 WL 2568430, at *3 (S.D.N.Y. Aug. 19, 2009). The Court may deny his motion on that basis alone because "the Court must not allow a party to use the motion [for reconsideration] as a substitute for appealing from a final judgment." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001).

Nevertheless, the Court is sympathetic to Mr. Thomas' assertions that his objections were untimely only because his medical condition precluded him from retrieving notice of the R&R's issuance from his P.O. Box. Therefore, it has reviewed Mr. Thomas' objections as if they had been timely filed, and as if they required *de novo* review of the R&R. *See* Dkt. No. 49 ¶¶ 4–6,

15; *see also* Fed. R. Civ. P. 72(b)(3) (requiring a district court to review "*de novo* any part of the magistrate judge's disposition that has been properly objected to."). Unfortunately, a *de novo* analysis leads to the same result: Mr. Thomas' claims must be dismissed as a matter of law.

Mr. Thomas first argues that res judicata does not bar the underlying suit here because he alleges "new facts or a worsening of the earlier conditions." Dkt. No. 49 ¶¶ 80–84. These are substantially the same arguments raised to Judge Stein. *See* Dk. No. 32 ¶ 30; Dkt. No. 29. ¶¶ 20–22. Upon its own review, the Court agrees with Judge Stein that res judicata applies, and the Sixth Circuit cases Plaintiff cites in support of his argument are inapposite. *See* Dkt. No. 49 ¶¶ 81, 84 (first citing *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516 (6th Cir. 2011); and then citing *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529–30 (6th Cir. 2006)). "Claim-splitting is generally prohibited by the doctrine of res judicata . . . which bars parties to a prior action or those in privity with them from raising in subsequent proceeding any claim they *could* have raised in the prior one, where all of the claims arise from the same set of operative facts." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 339 (S.D.N.Y. 2002). That principle rings true here, where Mr. Thomas' claims could have been raised in the prior actions.

Mr. Thomas next takes issue with what he views as Judge Stein's failure to adequately consider a "Property Securitization Analysis Report" prepared by Bloomberg Security ("the Report") attached to the Complaint, which he alleges is sufficient to support his claims. Dkt. No. 43 ¶¶ 4–8; Dkt. No. 49 ¶¶ 20–28. Even if the Report were properly considered for its substance[2]

[2] Depending on the facts, it is possible that the Report could be analogous to a public report or filing in this context. *See Crespo v. Franco*, No. 22-CV-07345 (PKC), 2024 WL 4188356, at *4 (S.D.N.Y. Sept. 13, 2024) ("The Court may take judicial notice of public documents such as news articles and public reports for the fact that they were published but not for the truth of the statements therein."); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)) ("[I]t is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information,

on a motion to dismiss (which is far from clear), Judge Stein accurately stated that on a motion to dismiss, "the court must accept as true all material factual allegations in the complaint," and he appropriately applied that standard. *See* R&R at 10. In any event, this Court has reviewed all filings and evidence, including the substance of the Report, and is unmoved.

Finally, Mr. Thomas objects to the failure to grant him leave to amend his Complaint because, he argues, "the evidence reflects those events of a 'qualified written request' under Section 6 of the Real Estate Settlement Procedures Act (RESPA)." Dkt. No. 43 ¶ 14; Dkt. No. 49 ¶ 30. But as the R&R correctly explains, Plaintiff has failed to properly allege that he made a written request under Section 6.

The Court has reviewed all of Mr. Thomas' objections and arguments *de novo* and cannot agree with any of them. Even through a *de novo* lens, the R&R is well reasoned, grounded in fact and law, and devoid of error. Therefore, the Court's Order adopting it in full stands.

## II. MOTION FOR AN EXTENSION OF TIME TO APPEAL

On October 6, 2025, Mr. Thomas also filed a motion for an extension of time to appeal the Court's September 8, 2025 Order. *See* Dkt. No. 50. While the Court appreciates Mr. Thomas' diligence, no extension of time is required because the filing of his Rule 59(e) motion for reconsideration tolls the time to appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). The motion for reconsideration was timely filed within the twenty-eight days allowed under Rule 59(e). Accordingly, the motion is DENIED AS MOOT.

---

without regard to the truth of their contents."); *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 (2d Cir. 2022) ("When the court takes judicial notice of documents, it must rely on such documents only for the fact that the statement was made.").

## CONCLUSION

Mr. Thomas has not met his high bar for reconsideration, and in any case, his objections to the R&R would fail for the reasons explained. The Motion for Reconsideration is DENIED. Mr. Thomas is advised that his deadline to appeal this Court's Order will begin to run on the entry of this Opinion and expire thirty days later. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A), and 4(a)(4)(B)(ii). The Motion for Extension of Time to Appeal is DENIED AS MOOT. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 48 and 50, enter judgment for Defendants, and CLOSE this case.

Dated: September 28, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge